JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09087-RGK (CWx) | Date | January 24, 2013 |
|---|---|---|---|
| Title | World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**     (IN CHAMBERS) Order and Judgment Re: Court Trial

On November 30, 2011, World Lebanese Cultural Union, Inc. ("Plaintiff") filed a Complaint in California Superior Court against World Lebanese Cultural Union of New York, Inc. ("Defendant"). The Complaint alleged claims for trademark infringement of Plaintiff's registered trademark and other related claims. On December 9, 2011, Defendant filed its Answer and asserted four counterclaims.

The action proceeded to trial on December 4, 2012. At the close of the parties' arguments, both moved for judgment as a matter of law. The Court granted both motions, except as to Defendant's Fourth counterclaim for Cancellation of Plaintiff's registered trademark under 15 U.S.C. § 1064(3). The parties have submitted their trial briefs as to the Fourth counterclaim for a court trial. For the following reasons, the Court **ENTERS JUDGMENT IN FAVOR** of Plaintiff/Counterdefendant.

A party may seek cancellation of a registered trademark on the basis of fraud upon the United States Patent and Trademark Office ("USPTO") by "'proving a false representation regarding a material fact, the registrant's knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance.'" *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990) (quoting *San Juan Products, Inc. v. San Juan Pools of Kansas, Inc.,* 849 F.2d 468, 473 (10th Cir. 1988)). The burden to prove fraud is significant and must be shown by clear and convincing evidence. *Id.*; *In re Bose Corp.,* 580 F.3d 1240, 1243 (Fed. Cir. 2009). Simply making a false statement is insufficient for fraud, the owner of the registered trademark must have made the false statement with an intent to deceive or manipulate the USPTO. *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1042 (C.D. Cal. 2011).

At trial, Counterplaintiff/Defendant did not present sufficient evidence to demonstrate by clear and convincing evidence that Counterdefendant/Plaintiff acted with the intent to deceive the USPTO, necessary to cancel Plaintiff's registered trademark.

Thus, the Court **ENTERS JUDGMENT IN FAVOR OF PLAINTIFF/COUNTER-DEFENDANT** as to the Fourth counterclaim for Cancellation of Plaintiff's registered trademark.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer